## LATIMER v. LATIMER.

1.  AGREEMENT TO PAY MORTGAGE—CONSIDERATION.—A partnership, of which plaintiff was a member, conveyed to S. a tract of land in consideration of S.'s agreement to pay a mortgage debt of $16,500 then resting on the land. S. afterwards conveyed this land to plaintiff and three others with general warranty, and with the assurance that the mortgage would be paid, whereby plaintiff was induced to move on the land; and after that the land was sold under the mortgage for $9,000, and the purchaser was put in possession.   Plaintiff stated these facts in his complaint, and demanded judgment against S.'s executor for $2,250. . *Held*, that these facts constituted a cause of action.

2.  IBID.—IBID.—SURETY.—If plaintiff was one of the mortgagors, the agree-

ment made the partnership sureties for a debt for which (as between the parties to the agreement) S. was primarily liable; and upon payment being afterwards made upon this debt by plaintiff, one of the sureties, he could recover from S. the amount so paid.

3. DEMURRER—FACTS.—Under a demurrer to a complaint, a deed cannot be considered as voluntary where it does not so appear on the face of the complaint.

4. IBID.—IBID.—APPEAL—ADMISSIONS.—An order of the Circuit Judge, over-ruling a demurrer to a complaint, cannot be held erroneous on appeal by reason of a fact then admitted in argument, where it does not appear that a like admission was made on Circuit.

5. AGREEMENT TO PAY DEBT—GIFT—DAMAGES.—If the deed from S. to plaintiff and others was voluntary, there would be no measure of damages under the warranty of that deed; but the action here was for a breach of S.'s agreement to pay the mortgage debt of $16,500, whereby plaintiff, his surety, was compelled to make a payment thereon. And S. could not compel his donees to pay a debt for which he was primarily liable.

6. RES JUDICATA.—The action of the mortgagee against S. and plaintiff and others, to foreclose the mortgage, was not an adjudication of the matters here complained of.


Before HUDSON, J., Greenville, March, 1892.


Action by James H. Latimer against J. P. Latimer and John H. Latimer, as executors of Hewlett Sullivan, deceased, commenced February 3, 1892. The covenant between Huff & Co. and Sullivan was as follows:

This agreement, made this day between Pascal D. Huff, Charles A. Parkins, John H. Latimer, and James H. Latimer, on the one part, and Hewlett Sullivan on the second part, witnesseth:

1st. That the said parties of the first part have this day sold to Hewlett Sullivan, all of their interest in the Fork Shoals Factory, lands, hereditaments, and appurtenances thereto, on the following conditions: That he, the said Hewlett Sullivan, to relieve them of the payment of the balance of the purchase money due the assignee, viz, $16,000, with interest thereon from the first day of July, 1882—in other words, settle and pay off the mortgage the assignee holds on them, be what it may in amount; and they, the said parties above mentioned, also agree and promise to turn over to the said Hewlett Sullivan all insurance policies they now hold on the factory property, prosecute the claim for discount by the said Hewlett Sullivan, paying all expenses of prosecuting the suit for a discount by

reason of the property not being what it was represented when sold by assignee, &c.

2d. And the said Hewlett Sullivan on the second part agrees to take the said property on the terms already expressed and explained, to assume the balance of all the purchase money on mortgage due said assignee.

Witness my hand and seal, this 24th day of July, 1883.

| Witness | HEWLETT SULLIVAN. [L. S.] |
| J. P. Latimer (as to Hewlett Sullivan.) | |
| Pleas. Butler (as to Huff.) | PASCAL D. HUFF. [L. S.] |
| W. H. Perry (Parkins.) | CHARLES A. PARKINS. [L. S.] |
| J. P. Latimer (Latimer.) | JOHN H. LATIMER. [L. S.] |
| (Latimer.) | JAMES H. LATIMER. [L. S.] |

*Messrs. Earle, Orr & Mooney,* for appellant.

*Messrs. Benet, McCullough & Parker,* contra.

March 6, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The only question presented by this appeal is, whether the Circuit Judge erred in refusing the motion to dismiss the complaint, upon the ground that the facts stated in the complaint are not sufficient to constitute a cause of action. To determine this question, it is necessary, first, to ascertain what facts are stated in the complaint, and then to inquire whether such facts, if established, are sufficient to constitute a cause of action.

The allegations of the complaint are, substantially, as follows: That on the 24th of July, 1883, a copartnership, styled P. D. Huff & Co., of which plaintiff was a member, conveyed to defendants' testator, Hewlett Sullivan, a certain tract of land, for and in consideration of the sum of sixteen thousand five hundred dollars; that at the time of the said conveyance, the said tract of land was covered by a mortgage in favor of one W. D. Sullivan, as assignee of the Sullivan Manufacturing Company, to secure the payment of the sum of $16,500; that the said Hewlett Sullivan agreed to pay, as the consideration of the above mentioned conveyance to him, the said mortgage debt, and on the same day entered into an agreement in writing, under seal, to that effect, with the parties composing the said firm of P. D. Huff & Co.; that on the 10th of August, 1883, the

said Hewlett Sullivan, by his deed, containing a general cove-
nant of warranty, conveyed to four persons named, of whom
the plaintiff was one, the said tract of land, "that is to say,
one-fourth interest each to the above named parties;" that the
said four parties "went into possession of the said land, and
remained in possession until the time hereinafter specified, this
plaintiff giving up his other business, and moving upon the
said premises; and at the time they went into the possession of
the said premises, the said Hewlett Sullivan assured this plain-
tiff that he would pay off the said mortgage, as he agreed to
do, and that he might give up his other business and move
upon the said premises, with the full assurance that the mort-
gage upon it would be paid;" that subsequently, to wit, on the
26th day of May, 1886, the said tract of land was sold under a
judgment to foreclose said mortgage, and this plaintiff was
ousted from the possession of said land, and the purchaser at
such sale was put in possession; that at said sale the property
brought the sum of $9,000, and the plaintiff was thus forced to
contribute one-fourth of that sum towards the payment of the
mortgage debt which said Hewlett Sullivan had assumed to
pay, as the consideration whereby he acquired the title to said
land. Wherefore, judgment is demanded against the defend-
ants, as executors of the last will and testament of said Hewlett
Sullivan, for the sum of $2,250, one-fourth of the said sum of
$9,000, with interest from the time of the sale.

If these facts be true, and they must be assumed to be so for
the purposes of this inquiry, then it is clear that they consti-
tute a sufficient cause of action. Practically they amount
to this, that the plaintiff's property has been sold to pay
a debt which Hewlett Sullivan had not only covenanted
in writing, under seal, to pay, whereby he acquired title to the
property, but he induced the plaintiff to give up his other
business and go into the possession of the property by the
assurance that the mortgage resting upon it would be paid;
and surely, when Hewlett Sullivan disregarded his covenant
and assurance and suffered the property to be sold under the
mortgage, whereby the plaintiff lost his property, he certainly
has a good cause of action against Hewlett Sullivan, or rather

his executors, for the wrong which he has suffered by reason of the failure of said Hewlett Sullivan to keep his covenant, based upon a valuable consideration, and to make good his assurances to the plaintiff.

It will be observed that there is no distinct statement in the complaint that the plaintiff, as one of the members of the firm of P. D. Huff & Co., was one of the mortgagors in the mortgage to W. D. Sullivan, as assignee, and, as such, originally liable for the debt secured by that mortgage; but as that fact may possibly be inferred from the language of the written agreement, whereby Hewlett Sullivan, in consideration of the conveyance to him by Huff & Co. of the land, covenanted to pay the said mortgage debt (a copy of which is incorporated in the complaint), and as both parties, in the argument here, seem to treat it as one of the facts in the case, we will assume that it is so. The attitude or relation of the parties towards each other would, upon this assumption, be this: P. D. Huff & Co., of whom the plaintiff was one, being the owners of the land which was covered by their mortgage to W. D. Sullivan, as assignee, conveyed the land to Hewlett Sullivan, in consideration that he would assume the payment of the mortgage debt, and thereby relieve Huff & Co. from liability therefor. In other words, Hewlett Sullivan, instead of paying to Huff & Co. the purchase money agreed upon. bound himself to pay a debt due by Huff & Co. to W. D. Sullivan, as assignee, the legal effect of which was (as between the parties, at least,) to make Hewlett Sullivan the principal debtor, and, as such, primarily liable for the mortgage debt, while Huff & Co. were his sureties merely. Hence, when the plaintiff's property (one of the sureties) was sold to pay the debt of the principal debtor; that would give him a good cause of action against the estate of such principal debtor. See 3 Pom. Eq. Jur., § 1206.

It is urged, however, that the deed of 10th of August, 1883, whereby Hewlett Sullivan conveyed the land to the plaintiff and three others, was a voluntary deed, without any valuable consideration; and hence, though it contained a general covenant of warranty, no action can be maintained for the breach

of such warranty, inasmuch as the complaint contains no state-
ment of the amount of the purchase money, and there is no
allegation that any purchase money was, in fact, paid, and the
statute fixes the amount of the purchase money, with interest
from the time of eviction, as the measure of the damages.
General Statutes, section 1832.   This position cannot be sus-
tained, for the reason that, while the complaint does not
state the amount of the purchase money, it does not state
that the deed was voluntary, and the question which we
are called upon to determine must be considered solely with
reference to what appears in the complaint.   It is true, that it
was admitted in the argument here that this was a voluntary
deed, but whether that admission was made before the
Circuit Judge does not appear; and as we are limited
simply to a review of the action of the court below, and
as, in the absence of any evidence to the contrary, we must
assume that the Circuit Judge based his conclusion upon what
appeared in the complaint, as it is set out in the "Case" pre-
pared for argument here, our inquiry would properly be lim-
ited to the question, whether the Circuit Judge erred in hold-
ing that the complaint, as set out in the "Case," contained a
statement of facts sufficient to constitute a cause of action?

But waiving this, and assuming that it did appear in the
court below that this deed was a voluntary deed, we still think
that the position taken by counsel for appellant cannot
be sustained, for the reason, that, even conceding that
no action can be maintained for the breach of a covenant
of warranty contained in a voluntary deed by reason of the
absence of any measure of damages, we do not regard this as
an action of that character.   On the contrary, the action may
be regarded as an action for the breach of the covenant con-
tained in the agreement whereby Hewlett Sullivan assumed the
payment of the mortgage debt, which covenant was unques-
tionably based upon a valuable consideration, or as an action
by a surety to recover money which he has been compelled to
pay for his principal.   The fact that the deed from Hewlett
Sullivan to the plaintiff and the three others was voluntary—
not based upon a valuable consideration—cannot affect the

question. Where one makes a gift to another, he cannot practically revoke the gift by causing the donee to pay a debt of the donor. *Francis* v. *Lehre*, 1 Rich. Eq., 271, recognized and affirmed in *Lawton* v. *Hunt*, 4 Rich. Eq., 252, where Wardlaw, Ch., uses this strong language: "The court (in *Francis* v. *Lehre*), referring to *Villers* v. *Beaumont*, 1 Vern., 100, scouts the proposition that one may purchase property, then make a gift of it, and afterwards revoke the gift by compelling the donee to pay the donor's debt." Here Hewlett Sullivan, after purchasing the land from Huff & Co., and giving it to other persons, two of whom were not, so far as appears, in any way connected with Huff & Co., practically compels his donee to pay his own debt; and, therefore, this case falls directly under the rule laid down in the two cases last cited.

The appellants' last ground of appeal is: "Because it appears upon the face of the complaint that the matter in controversy is *res adjudicata*." We are utterly unable to conceive any foundation whatever for this ground. The only other proceeding alluded to in the complaint is the action by W. D. Sullivan, as assignee, against P. D. Huff & Co. and Hewlett Sullivan to foreclose his mortgage, and that, lacking as it does every essential element of a plea of *res adjudicata*, certainly cannot afford any ground for such a plea. There is no identity either of subject matter, cause of action, or parties.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.